**Opinion issued October 31, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00539-CV

_____

## JAMES CLIFFORD WALKER, Appellant

## V.

## FREDERICK LUNENBURG AND MELODY LUNENBURG, Appellees

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 102095-CV**

---

# O P I N I O N

Appellant James Clifford Walker challenges the trial court's denial by operation of law of his motion to dismiss the claims filed against him by appellees Frederick and Melody Lunenburg. The Lunenburgs filed a suit for breach of contract and other causes of action against third parties related to the sale of

property. While the suit was pending, Walker purchased the property, and the Lunenburgs amended their pleadings to add Walker to the suit. In their live pleading, the Lunenburgs sought a declaratory judgment against Walker declaring the rights and obligations of the parties in relation to the property, and they sought a judicial foreclosure. Walker then filed a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA), arguing that the Lunenburgs' claims against him were filed in response to his right to petition, which he exercised in filing his warranty deed to the property in the county property records. The trial court denied the motion to dismiss by operation of law.

Walker argues in his sole issue on appeal that the trial court erred in denying the motion to dismiss. We conclude that the Lunenburgs' suit was not based on or filed in response to Walker's exercise of his right to petition but was filed because of his ownership interest in the property that was the subject of their suit. Thus, the TCPA does not apply, and we affirm.

## Background

In July 2016, the Lunenburgs sold the property at 16327 Tankersley Drive in Brazoria County (the Property) to Gilberto Jaimez and Rosvella Flores. In connection with the sale, the Lunenburgs and Jaimez and Flores executed a "Wrap-Around Real Estate Lien Note," a Wrap-Around Warranty Deed with Vendor's Lien, and a Wrap-Around Deed of Trust.

Approximately one year later, Jaimez and Flores sought financing to pay off the balloon payment on the note. On July 19, 2017, the Lunenburgs and Jaimez and Flores entered into an Amended Contract. The Amended Contract recognized that Jaimez obtained funding from the home lender that was paid to the Lunenburgs in partial satisfaction of Jaimez and Flores's obligation under the original note. The Amended Contract also contained provisions for repayment of a balance of $130,000 that Jaimez and Flores owed to the Lunenburgs on the original note. Jaimez and Flores entered into a "renewal and extension" note with the lender on August 18, 2017, and that document recognized the $130,000 owed to the Lunenburgs. As part of obtaining the outside financing, the Lunenburgs released their original lien and deed of trust on August 23, 2017.

Jaimez and Flores purportedly failed to make payments as required by the terms of the Amended Contract. The Lunenburgs filed the underlying suit on April 5, 2019, and they also filed a lis pendens on the property. The Lunenburgs alleged that Jaimez made thirteen payments to them under the Amended Contract, but eventually became unable to make the remaining payments. Jaimez then attempted to sell the Property. The Lunenburgs sought a declaration regarding their right to recover under the Amended Contract and the effect of the release of the lien.

On April 23, 2021, the Lunenburgs' counsel received a communication from counsel for Walker, the purported third-party buyer of the Property. This prompted

3

the Lunenburgs' counsel to search the property records, finding a "Wrap-Around Warranty Deed with Vendor's Lien" with Walker as grantee and Jaimez and Flores as grantors. This warranty deed had been executed approximately two years earlier—after the underlying suit and lis pendens was filed—on April 26, 2019, and it was filed in the real property records nearly two years later on April 8, 2021.

The Lunenburgs' search of the property records also revealed a property owner association lien against the Property that called into question the timing of Jaimez's sale of the Property to Walker. The notice of assessment and lien, executed on December 21, 2020, and filed in the property records January 4, 2021, showed Jaimez as the property owner, not Walker. The Lunenburgs asserted that this lien adversely affected their interest in the Property.

On June 8, 2021, the Lunenburgs amended their pleadings to add Walker as a defendant and to include, among other causes of action, a suit for a declaratory judgment. They sought a declaration that the release of lien executed on August 23, 2017, did not extinguish the $130,000 that Flores and Jaimez owed under the Amended Contract. They alleged that they "possess a superior lien to the Property than that claimed by" Jaimez, Flores, or Walker. The Lunenburgs also sought "judicial foreclosure against [Jaimez, Flores, and Walker] for recovery of amounts owed to [the Lunenburgs]," including the principal balance owed under the Amended Contract.

4

Appended to the Lunenburgs' pleading were the 2016 sale agreement between them and Jaimez and Flores, the 2016 lien note, the 2016 warranty deed with vendor's lien, and the 2016 deed of trust. They also appended the amendment to the purchase agreement signed by Jaimez and the Lunenburgs that constituted the Amended Contract, and the Deed of Trust dated August 18, 2017, in favor of the home lender that financed the property for Jaimez and Flores in 2017.

Walker moved to dismiss the claims against him pursuant to the TCPA. He asserted in his motion that he bought the Property from Jaimez and Flores on April 26, 2019, and recorded the warranty deed in the county property records on April 8, 2021. He claimed that the Lunenburgs filed "this action seeking a declaratory judgment, judicial foreclosure and joint and several liability against Walker for the filing of the warranty deed with the Brazoria County Clerk's office." He argued that the TCPA applied to this legal action because the Lunenburgs' suit was based on his filing of the warranty deed, which he identified as an exercise of his right to petition. He also asserted that the recording of the warranty deed was a communication pertaining to a legal proceeding.

The Lunenburgs responded that their suit was a private property dispute. They further asserted that Walker's filing of the warranty deed was not the basis of their claims; rather, their claims were based on a contractual dispute concerning the Property, and Walker had purchased the Property and filed the warranty deed while

5

the Property was subject to the lis pendens. The Lunenburgs argued that they added Walker to their ongoing lawsuit because of his interest in the Property, not because of any particular document that was filed.

The trial court denied Walker's TCPA motion to dismiss by operation of law. This interlocutory appeal followed.

## TCPA Motion to Dismiss

In his sole issue, Walker complains that the trial court erred in denying his motion to dismiss the Lunenburgs' claims against him by operation of law. Because we conclude that the TCPA does not apply to the Lunenburg's claims against Walker, we disagree.

### A.    Standard of Review & Applicable Law

The Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 913–14 (Tex. 2023) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002). "The statute provides this protection by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review." *Id.*; *see* TEX. CIV. PRAC. & REM. CODE §§ 27.003, .008. In the first step in moving to

6

dismiss under the TCPA, the moving party must demonstrate that the TCPA applies to the legal action against it. *McLane Champions*, 671 S.W.3d at 914; TEX. CIV. PRAC. & REM. CODE §§ 27.003, .005(b). If the movant fails to meet this initial burden, the motion to dismiss fails. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to establish by clear and specific evidence a prima facie case for each essential element of its claim. *See id.* § 27.005(c).

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021). In reviewing whether a legal action is subject to or should be dismissed under the TCPA, we consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

Whether the TCPA applies is an issue of statutory interpretation that we also review de novo. *USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 200

7

(Tex. 2023); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). In conducting our analysis of the statute, "we ascertain and give effect to the Legislature's intent as expressed in the language of the statute." *ML Dev, LP v. Ross Dress for Less, Inc.*, 649 S.W.3d 623, 627 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (quoting *State ex rel. Best v. Harper*, 562 S.W.3d 1, 1 (Tex. 2018)).

Under the TCPA, a trial court "shall dismiss a legal action against the moving party if the moving party demonstrates that the legal action is based on or is in response to . . . the party's exercise of: (A) the right of free speech; (B) the right to petition; or (C) the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b). The exercise of the right to petition includes any "communication in or pertaining to . . . a judicial proceeding" or "an official proceeding, other than a judicial proceeding, to administer the law." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i), (ii) (internal quotations omitted); *Cweren v. Eureka Multifamily Grp., L.P.*, 01-21-00470-CV, 2023 WL 2977755, at *14 (Tex. App.—Houston [1st Dist.] Apr. 18, 2023, no pet.) (mem. op.). And a "[c]ommunication includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TEX. CIV. PRAC. & REM. CODE § 27.001(1) (internal quotations omitted).

**B. Analysis**

Here, Walker argued that the TCPA applies to the Lunenburgs' claims against him because the claims were based on his filing of the warranty deed in the county records, which was an exercise of his right to petition.

Even if we assume that filing a warranty deed qualifies as a type of communication that constitutes an exercise of the right to petition, *see* TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i), (ii) (providing that exercise of right to petition includes any "communication in or pertaining to . . . a judicial proceeding" or "an official proceeding, other than a judicial proceeding, to administer the law"), Walker has failed to carry his burden to demonstrate that the Lunenburgs' claims against him were based on or in response to his filing the warranty deed or other exercise of his right to petition.

This Court has recently held that "[t]he ordinary meaning of the 'is based on' component denotes a legal action that has the relevant TCPA-protected activity 'as a main ingredient' or 'fundamental part' of the challenged legal action." *Ernst & Young, LLP v. Ryan, LLC*, No. 01-21-00603-CV, 2023 WL 4239350, at *8 (Tex. App.—Houston [1st Dist.] Jun. 29, 2023, pet. filed) (mem. op.). "The second component—'in response to'—denotes some sort of answer or other act in return." *Id.* Other courts of appeals have explained that a TCPA movant must establish "a nexus between the rights protected by the statute and [the claims asserted]."

*Newstream Roanoke 6.125, LLC v. Shore*, No. 02-22-00506-CV, 2023 WL 5615871, at *4 (Tex. App.—Fort Worth Aug. 31, 2023, no pet.) (mem. op.); *Apache Corp. v. Apollo Expl., LLC*, No. 11-21-00295-CV, 2023 WL 3511262, at *3 (Tex. App.—Eastland May 18, 2023, no pet.) (mem. op.) (holding that initial burden under TCPA requires movant to "establish a nexus between the rights protected by statute and Appellees' claims," which they can do by showing that claim is "factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition" of protected rights); *see also ML Dev, LP*, 649 S.W.3d at 629 (holding that former version of statute provided that communications that were "related to" a cause of action fell within TCPA, but TCPA as amended in 2019 requires movants "to establish a closer nexus between the claims against them and the communications they point to as their exercise of protected rights").

The Lunenburgs asserted two claims against Walker: a suit for a declaratory judgment regarding the parties' rights under the Amended Contract as that relates to their interest in the Property and a suit for "judicial foreclosure against [Jaimez, Flores, and Walker] for recovery of amounts owed to [the Lunenburgs]," including the principal balance owed under the Amended Contract. Neither of these claims by the Lunenburgs was factually predicated upon Walker's communication in filing the warranty deed. The "main ingredient" or "fundamental part" of the Lunenburgs' claims for declaratory judgment and judicial foreclosure is the rights

10

and obligations created by the agreements between the Lunenburgs and Jaimez and Flores. The factual predicate for the Lunenburgs' suit was the purported breach of the Amended Contract. The Lunenburgs filed a lis pendens on the Property in connection with their suit against Jaimez and Flores. When they became aware that Walker had purchased the Property—which he did after they had filed the underlying suit against Jaimez and Flores and the lis pendens on the Property—they added Walker to the suit because of his purported ownership interest in the Property. Thus, we conclude that the Lunenburgs' claims against Walker were not based on or in response to any communication in the warranty deed, but rather, the claims were based on or in response to Walker's ownership of the Property at the center of this dispute.

In reaching this conclusion we observe that, although the warranty deed that Walker filed in the county property record communicates that he purchased the Property from Jaimez and Flores, nothing in the Lunenburgs' pleadings complains about the content, substance, or communicative nature of the warranty deed. *See Hanna v. Williams*, —S.W.3d—, No. 03-22-00254-CV, 2023 WL 5474305, at *5 (Tex. App.—Austin Aug. 24, 2023, pet. filed) (discussing meaning of "based on" or "in response to" under DTPA and concluding that because pleadings did not complain about content, substance, or communicative nature of court filings and discovery requests, but instead about their existence, claims were not based on or

11

in response to exercise of right to petition). The Lunenburgs' claims invoke the warranty deed only for its existence and as evidence of Walker's ownership interest in the Property. Courts have observed that "there is a distinction between communications used as evidence to support a claim and claims that are based on or in response to (i.e., factually predicated upon) those communications." *Id.*; *see Apache Corp.*, 2023 WL 3511262, at *4–5 (determining that references in plaintiff's pleading to press release "merely point to evidence in support of [plaintiff's] fraudulent transfer claim" but that "press release itself is not a part of the claim"; noting that "there is a difference between communication that is part of the claim itself and communication which merely serves as evidence is support of a claim"); *Clinical Pathology Labs., Inc. v. Polo*, 632 S.W.3d 35, 46 (Tex. App.—El Paso 2020, pet. denied) (concluding that employer's decision to terminate employee and its termination of him were "at the core of this lawsuit, as distinct from the several discussions and letters surrounding that decision" and that lawsuit was thus not factually predicated on TCPA communications). "In truth, almost every lawsuit at its core is based on some decision, followed by conduct, that is bracketed by communications in one form or another by or between the parties." *Polo*, 632 S.W.3d at 45.

This Court recently considered a similar case between a retail chain that sought rights to an easement following the purchase of a tract of land. *ML Dev, LP*,

649 S.W.3d at 625. The retailer sued the sellers to force them to grant easement rights, and the sellers moved for dismissal on the argument that they were sued based on or in response to their exercise of the right of free speech and the right to petition, pointing to statements they allegedly made as they blocked easement access. *Id.* We affirmed the trial court's denial of the TCPA motion to dismiss, holding that the retailer's claims were not based on or in response to the *communications* denying the easement, but in response to the denial of easement access. *Id.* at 629. In doing so, we observed that the pleadings and other evidence did not "draw an adequate connection [between the communications identified in the suit and the claims themselves] to invoke the TCPA under the amended language" because, while the "deleted phrase 'relates to' might encompass the chatter around the denial of easement access," the remaining statutory language requiring claims to be "based on" or "in response to" a protected action is "not so sweeping." *Id.*

As in *ML Dev, LP*, we conclude that the claims against Walker are factually predicated on his ownership of the Property that is the subject of the dispute about the Amended Contract between the Lunenburgs and Jaimez and Flores. While the warranty deed might be a communication relevant to these claims as evidence to resolve the Lunenburgs' suit for declaratory judgment and suit for judicial foreclosure, neither the warranty deed itself nor Walker's action of filing it is part

13

of any claim asserted against Walker by the Lunenburgs. *See id.* at 628 (although alleged statements "may have accompanied" complained-of conduct, communications themselves did not "provide the basis for the legal claims or the impetus for suit"); *see also Newstream Hotels & Resorts, LLC v. Abdou*, No. 02-21-00343-CV, 2022 WL 1496537, at \*2 (Tex. App.—Fort Worth May 12, 2022, pet. denied) (mem. op.) ("[M]erely alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA.").

We overrule Walker's issue on appeal.

## Conclusion

We affirm the trial court's denial by operation of law of Walker's TCPA motion to dismiss.

Richard Hightower
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.,